UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
WILLIAM PETAWAY,                    )
                                    )
            Plaintiff,              )
    v.                              )   C.A. No. 13-794 S
                                    )
C/O PORTER, et al.,                 )
                                    )
            Defendants.             )
_____ )

# ORDER

WILLIAM E. SMITH, Chief Judge.

On January 21, 2014, United States Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation (ECF No. 6) in the above-captioned matter, recommending that the Plaintiff's application to proceed in forma pauperis be denied, and further recommending that most, but not all, of Plaintiff's pro se Complaint be dismissed without prejudice, and with leave to file an amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff William Petaway has filed an objection to the R&R (ECF No. 8).[1] For the reasons set forth

---

[1] This Court reviews Plaintiff's objection to the R&R de novo. See Fed. R. Civ. P. 72(b)(3).

below, Plaintiff's objection to the R&R is OVERRULED, and the R&R is ADOPTED.[2]

Magistrate Judge Sullivan determined that Petaway was not entitled to proceed in forma pauperis because he is a "three-strike" litigant under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[3] Additionally, Magistrate Judge Sullivan ruled that Petaway did not fall within the exception to the three-strikes rule, because he had not alleged he was in imminent danger of serious physical injury.

Petaway argues first that he only has two "strikes" for the purposes of 28 U.S.C. § 1915(g), and second that he is in imminent danger of physical injury, and thus falls within the statute's exception. Both arguments fail.

Petaway argues that a 2012 case dismissed by United States District Judge John J. McConnell, Jr. should not count as a

---

[2] Petaway has also filed a "Motion – Request for [the] court to (decide) the magistrate 'recommendation'" (ECF No. 10). To the extent that this motion is a supplemental memorandum of law, the Court has reviewed it.

[3] Pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

strike because it was not dismissed at the "screening stage."[4] But 28 U.S.C. § 1915(g) requires only that a prior action be dismissed on the grounds that it was "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For the purposes of the three-strikes rule, an action is dismissed for failure to state a claim if "it is dismissed pursuant to the standard set forth in Federal Rule of Civil Procedure 12(b)(6)." Ortiz v. Cox, 759 F. Supp. 2d 1258, 1261 (D. Nev. 2011). Nothing in the statute suggests that this dismissal must take place at the screening stage. Judge McConnell clearly dismissed Petaway's complaint for failure to state a claim applying Rule 12(b)(6). See Petaway v. DiNitto, No. CA 11-047-M, 2012 WL 2222204, at *2 (D.R.I. June 14, 2012). Thus, Magistrate Judge Sullivan properly counted this case as a third strike.

Second, Petaway emphatically states that he is in imminent danger of physical harm. Petaway appears to believe this imminent harm is proven by "the practice of excessive force when 'code blue' [is] called." As Magistrate Judge Sullivan noted in her R&R, however, the danger described by Petaway must be specific and establish more than that he fears a physical attack

---

[4] In his objection, Petaway acknowledges that the two other cases cited by Magistrate Judge Sullivan - Petaway v. Aul, C.A. No. 11-665-M and Petaway v. Duarte, C.A. No. 11-497-ML – should be counted as strikes.

3

could occur at some future date. Burgess v. Conway, 631 F. Supp. 2d 280, 283 (W.D.N.Y. 2009). Petaway simply does not articulate a danger greater than fear that a future attack may occur. Therefore, he does not fall within the exception to the three-strikes rule and is ineligible to proceed in forma pauperis.

After determining that Petaway was not eligible to proceed in forma pauperis, Magistrate Judge Sullivan screened Petaway's Complaint and found many of his allegations lacking.[5] In particular, Magistrate Judge Sullivan recommended that all claims based on allegations of indifference to serious medical needs and all claims against Defendants Medical Nurse Dick, Medical Program Director Vohr, Lt. Gallo, Lt. Sayles, Deputy Leach, Warden Weeden, Chief Inspector Catlow, Inspector Wells, Grievance Coordinator McCutcheon, DOC Director Wall, Lt. Tierney, Lt. Macomber and R.I. State Police Det. Salisbury be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, with leave to file an amended complaint that addresses the deficiencies identified in the R&R. Petaway objects to this recommendation. His objection, however, consists of repackaging the information contained in his deficient Complaint. Because this Court agrees with the

---

[5] Magistrate Judge Sullivan recommended that assault allegations lodged against CO Porter, CO Blain, CO Mason and CO Santiago should survive the screening stage.

4

analysis and the recommendation set forth in the R&R, it hereby adopts it pursuant to 28 U.S.C. § 636(b)(1).

For the foregoing reasons, Plaintiff's objections to the R&R are OVERRULED, and the R&R is ADOPTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 20, 2014